**Adamantis STAVARAKIS, Libelant,**

v.

**WORLD LORE CORPORATION and THE S.S. WORLD LORE, her engines, tackle, boilers, etc., Respondent.**

United States District Court
S. D. New York.

July 2, 1957.

Lebovici & Safir, New York City, for libelant. Herbert Lebovici, New York City, of counsel.

Hill, Betts & Nash, New York City, for respondent. Robert S. Blanc, Jr., New York City, of counsel.

DAWSON, District Judge.

In this action two motions have been made and the following relief is requested:

1. A motion by respondent for an order dismissing the libel on the ground that libelant no longer wishes to prosecute his cause of action against the respondent; and

2. A motion by proctors for libelant fixing and adjudicating their lien.

On December 14, 1956 an action was started in this court by a seaman alleging improper medical care and failure to treat. Apparently libelant first retained George Kambur, Esq., an attorney in New Orleans, to represent him in connection with this claim. This attorney endeavored to effect a settlement and being unsuccessful referred the libelant to the firm of Lebovici & Safir, of New York, N. Y., who also carried on settlement discussions but without success and finally filed a libel.

The respondent claims that on December 12, 1956 libelant wrote to George T. Kambur in New Orleans directing him not to file any claim against the S. S. World Lore, its owners or agents. The respondent concludes that by reason of this direction the present action should no longer be allowed to remain in this court. Opposing the motion to dismiss, libelant's attorney took the deposition of Spiros Granitsas to determine the circumstances under which the December 12, 1956 letter was written. This deposition has been submitted on the motion and reveals that Mr. Granitsas was in charge of the Claims Department of Transoceanic Marine, Inc., the

agents for the respondent-owners of the ship. At the taking of the deposition he produced the file covering this claim. The file contained a copy of libelant's letter to attorney Kambur. Granitsas testified that the libelant came in to see him and told him that he did not wish to prosecute his claim against the respondent. At that time notice of the claim had already been sent to the company by Mr. Kambur and also by the New York attorneys. Granitsas actually knew that libelant was represented by counsel. Nevertheless he discussed the matter with the libelant and the libelant, while in his office, wrote the letter to Mr. Kambur stating that he did not wish to have his claim prosecuted. Mr. Granitsas was so evasive during the taking of the entire deposition that his manner casts doubt in the mind of the Court as to his veracity and as to whether he was trying to conceal some facts. In any event it would require a very unsophisticated person not to believe that the libelant went to the Claims Department of the respondent, was given or promised money there and the opportunity for a job on another ship, and while in the Claims Department, and with the assistance of the Claims Agent, wrote a letter to his New Orleans attorney directing him not to prosecute his claim. It was, of course, a reprehensible practice for the Claims Agent to deal directly with the libelant, knowing that the libelant had an attorney and that any negotiations with libelant should have been through his attorney.

Now respondent seeks to have the action dismissed on the sole ground that libelant at one time directed his attorney not to prosecute the action. Such proof is not sufficient to warrant dismissal of the action. While a client may, of course, at any time discontinue an action there has been no competent proof presented that the libelant has dismissed the action, or wishes the action to be dismissed, or that at the present time the libelant does not wish to proceed with the action. Whether the libelant at the present time wishes the action dismissed would be easy to ascertain by taking his deposition, at which time it would also be possible to ascertain whether he had received any out of court settlement. On the present state of the record no basis exists for dismissing the action and the motion so seeking is denied.

Since the action is not to be dismissed there is no reason at the present time to fix and adjudicate the lien of libelant's proctors; therefore the motion which seeks that relief is denied without prejudice to its renewal if in the future it becomes appropriate. So ordered.